## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARK LUCEY,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-102**        (JCN: 2017005763)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Mark Lucey appeals the February 12, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Murray American Energy, Inc., ("Murray") filed a response.[1] Mr. Lucey did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Lucey no additional award above the previously granted 10% permanent partial disability ("PPD") award related to his diagnosis of occupational pneumoconiosis ("OP").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lucey submitted an Employees' Report of Occupational Pneumoconiosis dated February 22, 2016, indicating that he was diagnosed by Melvin Saludes, M.D., with OP on June 19, 2013. The OP Board issued findings dated January 31, 2017, determining that there was sufficient evidence to justify a diagnosis of OP with 10% pulmonary function impairment attributable to this disease. The OP Board noted that Mr. Lucey had a thirty-eight-year dust exposure, and a thirty-year smoking history at .5 packs per day. The claim administrator issued an order dated April 3, 2017, which granted Mr. Lucey a 10% PPD award for OP based on the findings of the OP Board dated January 31, 2017.

On February 10, 2022, Neal Aulick, M.D., examined Mr. Lucey. Dr. Aulick noted that Mr. Lucey had a prior diagnosis of OP and was given a 10% award. Mr. Lucey reported

---

[1] Mr. Lucey is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Murray is represented by Aimee M. Stern, Esq.

that he continued to have problems with breathing. Dr. Aulick acknowledged that the chest x-ray was negative. Arterial blood gas studies were performed as well as pulmonary function testing. Dr. Aulick concluded that the testing showed 25% pulmonary function impairment and stated that he believed to a reasonable degree of medical certainty that the degree of permanent attributable impairment for OP was 20%.

The claim administrator issued an order dated March 3, 2022, granting Mr. Lucey's request to reopen the claim for further consideration of PPD. The OP Board issued findings dated July 7, 2022, finding sufficient evidence to justify a diagnosis of OP, but with no more than the 10% pulmonary function impairment attributable to this disease previously found in this claim on January 31, 2017.

On November 1, 2023, a final hearing was held to take the testimony of the OP Board. Jack Kinder, M.D., stated that the Board's studies were valid and reproducible and the Board's July 7, 2022, studies represent about 25% impairment based on the FVC. Dr. Kinder opined that Mr. Lucey had been fully compensated by the prior 10% impairment. Dr. Kinder further opined that the outside study had the best overall performance and represented 20% impairment. However, Dr. Kinder testified that he believed Mr. Lucey's body habitus and history of smoking both caused some of his impairment. Thus, Dr. Kinder stated that he disagreed with Dr. Aulick's recommendation of 20% impairment for occupational exposure because it was incorrect to attribute all of the impairment to his occupation. Dr. Kinder testified that he would not argue with 15% impairment if someone else would recommend that; however, he felt very comfortable staying at the level they were at now, which was 10% impairment.

On February 12, 2024, the Board affirmed the claim administrator's order granting Mr. Lucey no additional award above the previously granted 10% PPD award related to his diagnosis of OP. The Board found that Mr. Lucey failed to establish that the OP Board was clearly wrong. Mr. Lucey now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

2

(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __W. Va. __, __ S.E.2d __ (2024).

Mr. Lucey argues that Dr. Kinder's testimony acknowledges that Mr. Lucey has more than 10% impairment related to OP. Mr. Lucey further argues that Dr. Kinder testified that he wouldn't "argue with 15%," and Dr. Kinder further testified that the testing revealing 25% impairment was reliable and reproducible.

In *Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000), the Supreme Court of Appeals of West Virginia held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong.

Here, the Board found that the OP Board was not clearly wrong in determining that Mr. Lucey had 10% impairment related to his employment. The Board noted that Dr. Kinder cited Mr. Lucey's body habitus and smoking as factors that impaired his ability to breathe. The Board further noted that Dr. Kinder testified that he did not see a reason to increase the OP Board's impairment recommendation.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Lucey failed to establish that the OP Board was clearly wrong in recommending 10% impairment. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order that found Mr. Lucey was fully compensated with the prior 10% PPD award for impairment due to OP.

Accordingly, we affirm the Board's February 12, 2024, order.

Affirmed.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear